U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

2021 FEB 18 PM 1: 16

CLERK

BY_____
DEPUTY CLERK

PAMELA A. GALLAGHER,
    Plaintiff,

v.

BED BATH & BEYOND INC.,
    Defendant.

CIVIL ACTION NO.

5:21·cv-38

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1332, Defendant, Bed, Bath & Beyond Inc., by and through its attorney, hereby removes to this Court the state Court action described below on the basis of diversity of citizenship. In support of this notice, Defendant states as follows:

1.    Plaintiff commenced this action by Complaint, filed in the Superior Court of the State of Vermont in and for the County of Windham, Docket No. 20-CV-00541 (the "State Court Action"). A Complaint was filed on October 1, 2020.

2.    Upon information and belief, Defendant, Bed, Bath & Beyond Inc., ("Defendant"), incorrectly named "Bed, Bath & Beyond, Inc.", received the Summons and Complaint on October 6, 2020.

3.    Plaintiff's Complaint does not state the amount of damages sought. On January 21, 2021 Plaintiff's counsel served a settlement demand in an amount exceeding $75,000. Discussion with Plaintiff's counsel on February 5, 2021 confirmed that Plaintiff is seeking damages in excess of $75,000.

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1332

4.    Removal of this case is proper pursuant to 28 U.S.C. § 1332, which entitles a defendant to remove a civil action over which this Court has diversity jurisdiction.

1481369v.1

5.    Upon information and belief, Plaintiff resides in Vermont. *See* Exhibit A, Complaint, Paragraph 1.

6.    Defendant, Bed, Bath & Beyond Inc., is a corporation with a principle place of business in New Jersey. *See* Exhibit A, Complaint, Paragraph 2.

7.    Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

8.    Plaintiff claims that she sustained personal injuries with resulting damages in excess of the $75,000.00 jurisdictional requirement pursuant to 28 U.S.C. § 1332.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

9.    Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed — Windham County, Vermont. *See* 18 U.S.C. §§ 1441(a), 1446(a).

10.   Removal is Timely. Defendant is entitled to remove the State Court Action at any time up to 30 days after receipt of the demand from which it was ascertained that the case is one which removable. *See* 28 U.S.C. § 1446(b)(3). Defendant received the settlement demand on January 21, 2021 and had a discussion with Plaintiff's counsel on February 5, 2021 confirming that the amount of damages sought is in excess of $75,000. Therefore, Defendant's Notice of Removal is timely because it is being filed with the United State District Court for the District of Vermont within 30 days after Defendant's receipt of the receipt of information upon which it was ascertained that the case is removable.

11.   Pleadings and Process. *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1(c), Defendant will file certified or attested copies of all records, proceedings and docket entries in the state Court within 14 days of the filing of this Notice or as soon as possible based on the delays

2

resulting from the outbreak of SARS-CoV-2, commonly known as "COVID-19." Defendants have paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice.

12.     Notice. Defendant will promptly serve by first class mail upon the Plaintiff's counsel and all other parties of record this Notice of Removal. Defendant will also serve upon all parties and counsels of record and file with the Clerk of the Windham County Superior Court, Vermont, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

13.     Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

14.     Based upon the foregoing, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

15.     In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, this action should proceed in the United States District Court for the District of Vermont, as an action properly removed thereto.

3

Respectfully submitted,

Defendant,

BED, BATH & BEYOND INC.

By its attorneys,

Beata Shapiro
Beata.Shapiro@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Dated: February 12, 2021                              617-422-5300

## CERTIFICATE OF SERVICE

I, Beata Shapiro, hereby certify that on February 12, 2021, I caused the foregoing document
to be served on counsel of record by first class mail, postage prepaid, and email, as follows:

*Attorney for Plaintiff Pamela A. Gallagher*

James M. Dingley, Esq.
204 South Street
Bennington, VT 05201
dingleylaw@gmail.com
kjahne.paralegal@gmail.com

Beata Shapiro

4

1481369v.1